| | |
|---|---|
| 1 | STROOCK & STROOCK & LAVAN LLP |
| 2 | ARJUN P. RAO (STATE BAR NO. 265347) |
|   | ERICK K. KUYLMAN (STATE BAR NO. 313202) |
| 3 | 2029 Century Park East |
|   | Los Angeles, CA 90067-3086 |
| 4 | Telephone: 310-556-5800 |
|   | Facsimile: 310-556-5959 |
| 5 | Email:   *lacalendar@stroock.com* |
| 6 | Attorneys for Defendant and Counter-Claimant |
| 7 |   CHASE BANK USA, N.A., erroneously sued as |
|   |   JPMORGAN CHASE BANK |

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FLORA TONG, an individual, | ) | Case No. __'18CV2897 JLS NLS__ |
| Plaintiff, | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| JPMORGAN CHASE BANK, a business entity; and DOES 1 through 10, inclusive, | ) | |
| Defendants. | ) | |
| CHASE BANK USA, N.A., | ) | |
| Counter-Claimant, | ) | |
| v. | ) | |
| FLORA TONG, an individual, | ) | |
| Counter-Defendant. | ) | |

NOTICE OF REMOVAL

LA 52209840

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1331, defendant Chase Bank USA, N.A. ("Chase"), erroneously sued as JPMorgan Chase Bank, hereby removes the action entitled <u>Flora Tong v. JPMorgan Chase Bank</u>, Superior Court of California, County of San Diego, Limited Jurisdiction, Case No. 37-2018-00059543-CL-NP-NC (the "Action"), to the United States District Court for the Southern District of California on the following grounds:

1. <u>Removal Is Timely</u>.  The Complaint was served on or about November 30, 2018.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it has been filed within 30 days of receipt by, and service on, Chase of the Complaint, and within one year after "commencement of the action" in state court.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all documents filed in state court are attached hereto as exhibits.  The Civil Case Cover Sheet, Summons and Complaint are attached as **Exhibit A** and General Denial and Counterclaims filed by Chase is attached hereto as **Exhibit B**.

2. <u>This Court Has Removal Jurisdiction Over This Action</u>.  The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Chase pursuant to the provisions of 28 U.S.C. § 1441.

3. Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." <u>Bright v. Bechtel Petroleum, Inc.</u>, 780 F.2d 766, 769 (1986) (citing <u>Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust</u>, 463 U.S. 1, 9 (1983)).  Put differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of

- 1 -

LA 52209840

a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 808 (1988) (quoting <u>Franchise Tax Bd.</u>, 463 U.S. at 13, 27-28) (internal quotation marks and citations omitted).

4. Here, in the Complaint, Plaintiff alleges two causes of action—for a violation of the Telephone Consumer Protection Act ("TCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Plaintiff's claims are predicated upon a direct violation of this specific federal law—47 U.S.C. § 227. (<u>See</u> Compl. ¶¶ 1, 17-19.) Based on the allegations of the Complaint, Plaintiff's right to relief on her TCPA claim necessarily depends on the resolution of substantial questions of federal law, including whether the alleged conduct violates 47 U.S.C. § 227. Therefore, this Court has removal jurisdiction over this Action under 28 U.S.C. § 1331 because Plaintiff's TCPA claim arises under the laws of the United States.

5. To the extent any other claims in the Action arise under state law, including Plaintiff's RFDPCA claim, supplemental jurisdiction over such claims would exist pursuant to 28 U.S.C. §§ 1367 and 1441(c).

6. <u>Consent Is Not Necessary Because There Are No Other Defendants</u>. Other than Chase, there are no other named defendants. Accordingly, consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b). <u>See</u> <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (The general rule that "all defendants in a state action must join in the petition for removal . . . [applies] only to defendants properly joined and served in the action.").

7. <u>Venue is Proper in This Court</u>. This Court is the proper district court for removal because the Superior Court of the State of California for the County of San Diego (Limited Jurisdiction) is located within the United States District Court for the Southern District of California.

8. <u>Notice Has Been Effected</u>. Chase concurrently is filing a copy of this Notice of Removal of Action with the Superior Court of the State of California for

- 2 -

1 the County of San Diego (Limited Jurisdiction), without exhibits.  Chase will
2 concurrently serve Plaintiff with copies of this Notice of Removal and the Notice
3 filed in the Action.

Dated:  December 28, 2018        STROOCK & STROOCK & LAVAN LLP
                                 ARJUN P. RAO
                                 ERICK K. KUYLMAN

                                 By:    */s/ Arjun P. Rao*
                                            Arjun P. Rao

                                 Attorneys for Defendant and
                                 Counter-Claimant
                                    CHASE BANK USA, N.A.,
                                    erroneously sued as JPMORGAN
                                    CHASE BANK.

LA 52209840

# CERTIFICATE OF SERVICE

I hereby certify that, on December 28, 2018, copies of the foregoing **NOTICE OF REMOVAL** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by facsimile to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Arjun P. Rao*
Arjun P. Rao

**VIA U.S. MAIL:**

Matthew Mellen, Esq.
Duncan McGee Nefcy, Esq.
MELLEN LAW FIRM
One Embarcadero Center, Fifth Floor
San Francisco, CA 94111
email@mellenlawfirm.com